UNDERWOOD *ads.* JACKSON, *ex dem.* VARICK.

MOTION to set aside proceedings in ejectment. The defendant entered into a special consent rule, describing particularly the premises for which he intended to defend; leaving about 77 acres of land in the farm for the recovery of which the suit was brought, as to which, neither the defendant nor any other person appeared. The plaintiff, on entering the rule for the tenant to appear and enter into the consent rule, filed the usual affidavit of service of a copy of the declaration in ejectment, and notice on the defendant, describing him as tenant in possession of the premises, or of *some part thereof.* Not receiving notice of any other appearance or other consent rule, than that above described, the plaintiff entered the default for the tenant and took a rule for judgment against the casual ejector for that portion of the lands not included in the consent rule, perfected the judgment, and obtained possession of the land on a writ of *habere facias possessionem.*

A motion is now made to set aside the default and subsequent proceedings for irregularity on two grounds: 1. That the general affidavit of service of the declaration on the tenant in possession of the premises, or of *some part thereof,* did not, in this case, authorize the entry of a default; because the tenant having appeared to defend for *some part of the premises,* the affidavit was satisfied, and there was no proof on file that the declaration had been served on the tenant in possession of that part of the premises for which judgment was taken by default; for the part alluded to in the affidavit filed might be that part of the premises for which the tenant had appeared to defend. And so, though the affidavit filed might be literally true, yet there might be a total want of proof that the declaration had been served on the tenant in possession, and that, in such case, the plaintiff ought to apply to the court on motion, founded on a notice to the defendant, for leave to enter up judgment. This part of the appli-

*In ejectment, where a tenant appears and defends for part only of the premises; the plaintiff may proceed and take judgment against the casual ejector for the residue on the usual affidavit.*

UTICA,
Aug. 1828.

Underwood
*ads.*
Jackson.

cation referred to about 50 acres of land in the possession of the defendant, not described in the consent rule. 2. For a writ of restitution to N. Underwood, jun. the son of the defendant, of about 27 acres of land, not described in the consent rule, of which it was alleged *he*, and *not* the defendant, was in possession, at the commencement of the suit. The fact of the possession of N. Underwood, jun. was controverted by the plaintiff.

*J. B. Hunt*, for defendant.

*C. A. Mann*, for plaintiff.

*By the Court*, SUTHERLAND, J. The affidavits submitted to the court, relative to the possession of the premises by the defendant at the commencement of the suit, are contradictory; but the weight of evidence is in favor of the plaintiff, that the defendant was in possession of *the whole* of the premises, and his son, N. Underwood, jun. of no part thereof. It is true, as urged by the defendant's counsel, that the affidavit in the usual form, filed on the entry of the rule to appear, was satisfied in its terms, by the fact that the defendant appeared to defend for a part of the premises, and thus confessed himself in possession of a part. Still this affidavit was sufficient to authorize the entry of the rule. It conformed to the established practice in such cases, and would have authorized a default and judgment for *the whole* of the premises against the casual ejector, had he not appeared and defended for a part; and it is not perceived why it should not be a good foundation for a judgment against that part of the premises of which the defendant was confessedly in possession, and for which he elected not to defend. The motion is denied with costs.